UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON COPPELSON,

        Plaintiff,

v.

RYAN SERHANT, NEST SEEKERS INTERNATIONAL LLC,
ELAD RAHAMIM and WELLS FARGO ADVISORS, LLC,
        Defendants.

**ANSWER**

19 Civ. 08481 (PGG)

---

    Defendants Ryan Serhant and Nest Seekers International LLC, by and through their attorneys Rosenberg Feldman Smith, LLP, answer the Complaint as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

    3.    Admit the allegations contained in paragraph 3 of the Complaint.

    4.    Admit the allegations contained in paragraph 4 of the Complaint.

    5.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

    6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

    7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

    8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants repeat each and every response to paragraphs 1 through 14 as if set forth fully herein.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants repeat each and every response to paragraphs 1 through 23 as if set forth fully herein.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants repeat each and every response to paragraphs 1 through 36 as if set forth fully herein.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants repeat each and every response to paragraphs 1 through 41 as if set forth fully herein.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The action is not ripe as plaintiffs have not sustained any cognizable damages because Plaintiffs still own the real estate.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' action is barred because granting the relief sought would unjustly enrich Plaintiffs.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to exercise reasonable diligence to mitigate their alleged damages. To that extent, Plaintiffs may not recover damages from these defendants.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join a necessary party under Rule 19 of the F.R.C.P.

### **SIXTH AFFIRMATIVE DEFENSE**

Any alleged damages sustained by Plaintiffs were proximately caused in whole, or in part, by the Plaintiffs.

### **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to plead fraud with the particularity required under Rule 9(b) of the F.R.C.P.

### **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for unjust enrichment is barred by their claim for breach of contract.

### **NINTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert a claim for an accounting.

WHEREFORE, these answering Defendants respectfully request that this Court enter judgment as follows:

1. Dismissing Plaintiffs' Complaint in its entirety,

2. Granting these answering Defendants the costs, expenses and disbursements resulting from this litigation, including attorneys' fees; and

3. Granting such other and further relief as to the Court deems just and proper.

Dated:  New York, New York
        October 10, 2019

ROSENBERG FELDMAN SMITH, LLP

By: *[signature]*
Richard B. Feldman, Esq.
Michael H. Smith, Esq.
*Attorneys for Defendants Ryan Serhant and NestSeekers International LLC*
551 Fifth Avenue
New York, New York 10176
212-682-3454
rfeldman@rfs-law.com
msmith@rfs-law.com

To: Jeffrey Benjamin, Esq.
    KUPILLAS, UNGER & BENJAMIN
    *Attorneys for Plaintiffs*
    5 Penn Plaza, 23rd Floor
    New York, New York 10001
    212-655-9536
    jbenjamin@nyfraudlaw.com

    Sandra Grannum, Esq.
    DRINKER BIDDLE & REATH LLP
    *Attorneys for Wells Fargo Clearing Services, LLC*
    1177 Avenue of the Americas, 41st Floor
    New York, New York 10036
    212-248-3140
    sandra.grannum@dbr.com

Daniel J. Donovan, Esq.
DONOVAN & RAINIE, LLC
*Attorneys for Defendant*
*Elad Rahamin*
One South Street, Suite 1120
Baltimore, MD 21202
410-685-8885
djd@donovanraine.com

## CERTIFICATE OF SERVICE

I, Richard B. Feldman, hereby certify that on this 10th cay of October, 2019, a copy of the foregoing Answer was served via U.S. mail, first-class postage prepaid upon the following counsel, that being their last known addresses:

>Jeffrey Benjamin, Esq.
>KUPILLAS, UNGER & BENJAMIN
>*Attorneys for Plaintiffs*
>5 Penn Plaza, 23rd Floor
>New York, New York 10001
>212-655-9536
>jbenjamin@nyfraudlaw.com
>
>Sandra Grannum, Esq.
>DRINKER BIDDLE & REATH LLP
>*Attorneys for Wells Fargo*
>*Clearing Services, LLC*
>1177 Avenue of the Americas, 41st Floor
>New York, New York 10036
>212-248-3140
>sandra.grannum@dbr.com
>
>Daniel J. Donovan, Esq.
>DONOVAN & RAINIE, LLC
>*Attorneys for Defendant*
>*Elad Rahamin*
>One South Street, Suite 1120
>Baltimore, MD 21202
>410-685-8885
>djd@donovanraine.com

I hereby further certify that on this 10th day of October, 2019, a copy of the foregoing was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Richard B. Feldman
Richard B. Feldman

7