

Sandra D. Grannum
973-549-7015 Direct
973-360-9831 Fax
Sandra.Grannum@dbr.com

*Law Offices*
1177 Avenue of the Americas
41st Floor
New York, NY
10036-2714

212-248-3140
212-248-3141 fax
www.drinkerbiddle.com

CALIFORNIA
CONNECTICUT
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
TEXAS
WASHINGTON D.C.

*Andrew B. Joseph*
*Partner responsible for*
*Florham Park Office*

*Established* 1849

November 8, 2019

**BY ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Aaron Coppelson and Nightengale NY1, LLC v. Ryan Serhant, Nest Seekers International LLC, Elad Rahamin and Wells Fargo Advisors, LLC*, Case No. 1:19-CV-8481 (PGG)(DCF)

Dear Judge Gardephe:

      We represent defendant Wells Fargo Clearing Services, LLC doing business as Wells Fargo Advisors, incorrectly named as Wells Fargo Advisors, LLC, ("Wells Fargo Advisors"), in the above-referenced matter. Wells Fargo Advisors intends to move to compel arbitration or, in the alternative, move to dismiss the Complaint as to Wells Fargo Advisors. Pursuant to Rule IV.A. of Your Honor's Individual Practices, Wells Fargo Advisors respectfully requests a pre-motion conference to discuss the grounds for its anticipated motion to dismiss the Complaint.

      By way of background, Plaintiffs Aaron Coppelson, a real estate investor and developer, and Nightingale NY1, LLC,[1] the real estate investment vehicle he manages with his father, allege that they were wrongly induced by defendants Ryan Serhant and Elad Rahamim (incorrectly named as Elad Rahamin) to purchase a property located at 416 Washington Street, New York, New York 10013 as part of an IRS Code 1031 transaction. *See* Compl. at Preliminary Statement, ¶¶ 11–12. The Complaint generally asserts causes of action for violation of New York General Business Law § 349, fraudulent inducement and concealment, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and accounting against all of the defendants.

      Both Plaintiffs have brokerage accounts with Wells Fargo Advisors and have signed arbitration agreements which provide for the arbitration of any and all disputes between Plaintiffs and Wells Fargo Advisors. Consequently, Wells Fargo Advisors will move to stay this action and compel arbitration.

      However, it is also the case that the Complaint is devoid of facts that allege *any* wrongdoing by Wells Fargo Advisors *whatsoever*. Indeed, Wells Fargo Advisors is only

---

[1] Nightingale is incorrectly named as Nightengale NY1, LLC in the caption of the Complaint.

Hon. Paul G. Gardephe
November 8, 2019
Page 2

mentioned in a single paragraph of the Complaint, *see* Compl., ¶ 6, which addresses (incorrectly) Wells Fargo Advisors' principal place of business and does not contain any substantive allegations against Wells Fargo Advisors.

In light of this, the Complaint fails to put Wells Fargo Advisors on notice as to the basis of Plaintiffs' claims against it and does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 570 (2007)). Instead, Plaintiffs merely recite the elements of each cause of action, referring to all "defendants" generally (Compl. ¶¶ 15–46), which is insufficient to satisfy Rule 12(b)(6). *See Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd,* 530 F. App'x 19 (2d Cir. 2013) ("Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. A plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.").

Accordingly, if Wells Fargo Advisors' motion to compel arbitration is not granted, it alternatively seeks to move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

We understand that per Rule IV.A. of Your Honor's Individual Practices, a pre-motion conference is not required for Wells Fargo Advisors' motion to compel arbitration.

Prior to filing this letter with the Court, we shared copies of the arbitration agreements with counsel for Plaintiffs and requested that they voluntarily dismiss their Complaint against Wells Fargo Advisors in favor of arbitration. We informed counsel that if Plaintiffs would not agree to abide by their arbitration agreements, Wells Fargo Advisors would seek to file a motion to compel arbitration and, alternatively, seek to dismiss the Complaint as to Wells Fargo Advisors. Plaintiffs have not voluntarily dismissed their claims against Wells Fargo Advisors in favor of arbitration or otherwise.

Thank you for Your Honor's attention to this matter.

                                               Respectfully submitted,

                                               */s/ Sandra D. Grannum*

                                               Sandra D. Grannum

cc:      All counsel of record