# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MARK W. LERNER
DIRECT DIAL: (212) 506-1728
DIRECT FAX: (212) 835-5028
MLerner@kasowitz.com

July 29, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:   Coppelson, et al. v. Serhant, et al.
>         Case No. 19-civ-8481 (LJL)
>         Letter Re Clarification of Deadline

Dear Judge Liman:

This law firm represents defendant Ryan Serhant in the above-referenced matter.  I filed a notice of appearance earlier this week, and have discussed the initial conference of July 10, 2020 (the "Conference") with my associate Peter Seltzer who attended.  We write to request clarification that the term "motion to strike" as used on the Court's Case Management Order (Dkt. No. 35) includes a motion to *dismiss* for scheduling purposes.

During the Conference, defendants advised the Court of their intention to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The Court granted plaintiffs leave to file an amended complaint by July 24, 2020, and that pleading has now been filed.  The Case Management Plan indicates that "[a]ny motion to strike shall be made no later than 30 days following the earlier of: (1) July 24 or (2) the filing of an amended complaint."  (Dkt. No. 35).

We believe the language "motion to strike" was intended to embrace the motion to dismiss raised at the Conference; however, plaintiffs' counsel disagrees.  We therefore ask on behalf of all defendants that the Court clarify whether the 30-day schedule includes a motion to dismiss the Amended Complaint.

We appreciate and thank the Court for its attention to this matter.

Respectfully submitted,

/s/   Mark W. Lerner
Mark W. Lerner

cc:   All Counsel (via ECF)