# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AARON COPPELSON, DARIUSH FAKHERI and
NIGHTENGALE NY1, LLC,

                      Plaintiffs,

      -against-

RYAN SERHANT and NEST SEEKERS
INTERNATIONAL LLC,

                    Defendants.

Case No.: 19-CV-8481 (PGG)(DCF)

**<u>FIRST AMENDED COMPLAINT</u>**

---

    Plaintiffs, AARON COPPELSON, DARIUSH FAKHERI and NIGHTENGALE NY1, LLC., (hereinafter "Plaintiffs"), by their attorneys, KUPILLAS, UNGER & BENJAMIN, LLP. as and for a Complaint against the Defendants alleges as follows:

<em>PRELIMINARY STATEMENT</em>

    This is an action for actual, compensatory, incidental, consequential and punitive damages, costs and attorneys' fees for *inter alia*, Deceptive Practices, Fraud, and Unjust Enrichment. Defendants were Plaintiff's real estate broker inducing the purchase of a Condominium Unit in Manhattan, New York on July 24, 2015.

<em>PARTIES</em>

    1.    Plaintiff AARON COPPELSON is a natural person over eighteen (18) years of age and maintains a residence in State of California, County of Los Angeles. COPPELSON was the manager of the corporate Plaintiff NIGHTENGALE NY1, LLC.

    2.    Plaintiff DARIUSH FAKHERI is a natural person over eighteen (18) years of age and maintains a residence in State of California, County of Los Angeles. FAKHERI was the

principal of the corporate Plaintiff NIGHTENGALE NY1, LLC.

3.      Plaintiff NIGHTENGALE NY1, LLC., is a domestic corporation duly charted in California and doing business in the State of New York. NIGHTENGALE NY1, LLC. was the purchaser of the subject real estate herein.

4.      Upon information and belief, RYAN SERHANT is a natural person over eighteen years of age who maintains a place of business at 415 Madison Avenue, New York, NY 10017.

5.      Upon information and belief, Defendant NEST SEEKERS INTERNATIONAL LLC is a domestic corporation duly charted and doing business in the State of New York as a real estate brokerage with offices located at 415 Madison Avenue, New York, NY 10017.

6.      At all pertinent times alleged herein, individual Defendant RYAN SERHANT operated and made representations for the benefit of himself and for the benefit of his alter ego, corporate Defendant NEST SEEKERS INTERNATIONAL LLC. Upon information and belief, RYAN SERHANT is principal of NEST SEEKERS INTERNATIONAL LLC. with complete domination and control of the entity as to all aspects of its real estate brokerage business, and made all decisions independently with respect to Plaintiffs' transaction. At all pertinent times alleged herein, Defendant NEST SEEKERS INTERNATIONAL LLC. acted through the representations and conduct of its principal Defendant RYAN SERHANT.

### *STATEMENT OF FACTS*

7.      On or around March 12, 2015, Plaintiff COPPLESON was interested in purchasing real estate for investment purposes. Plaintiff was flexible geographically and looking for a transaction that would yield a return on his investment. He was introduced to Defendant RYAN SERHANT ("SERHANT") to explore investing in Manhattan real estate. At the time, plaintiff was required under IRS Code 1031 to consummate a like-kind real estate exchange to

2

avoid significant tax liability.

8.      On or around March 19, 2015, Plaintiff's financial advisor and SERHANT began to discuss profitable opportunities for Plaintiff to invest in Manhattan. On March 23, 2015, defendant SERHANT presented to Plaintiff a list of such properties he recommended exploring.

9.      Throughout April and May, 2015, Plaintiffs arranged the corporate initiation, administration and transfer of funds to a qualified intermediary in New York to facilitate the purchase of property in New York.

10.     On May 11, 2015, Defendant SERHANT communicated to Plaintiff through his financial advisor that the subject property in Tribeca, 416 Washington Street in Manhattan as a deal Plaintiff could not pass up. Among other inducements of Plaintiff, Defendant SERHANT specifically represented that the property would be worth well over $5M in a short period of time and that the property was a "gold mine"; that the seller was underwater and must sell now; that the proposed value was approximately 20% less than the comparable market; and that comparable properties were selling for square footage amounts far greater than that proposed by the subject seller. As further inducement and accompanying the sale was a lease back by the seller for a substantial monthly rent and security deposit.

11.     At the end of May, 2015, and under Defendants' combined inducements, Plaintiffs forewent on investing in a specific property in Manhattan Beach, California. In November, 2015, Plaintiff reiterated his desire for that California property over Defendant SERHANT'S New York property as the profit potential there was far greater than the New York property. In fact, Plaintiffs were exploring and had the then-present ability to purchase other properties that appeared far more lucrative. However, Plaintiffs lost the opportunities in those

due to Defendants' statements and the consummation of the contracts for the New York property.

12.     Later in July, 2016, upon his communications with his seller of the Tribeca property and his tenant, Plaintiff learned the true nature of the scheme he was subjected to by the Defendants herein. Defendant SERHANT was what is known as a "dual agent"; an agent that "represents" both sides in a real estate purchase transaction. Plaintiff learned later that Defendant paid referral fees that were never disclosed to Plaintiffs. He also learned that Defendants between themselves made multiple statements to Plaintiff's tenant, acknowledging the intentional misrepresentations and concealments they made to Plaintiff over the course of the Tribeca transaction.

13.     As a proximate result of Defendants' combined conduct, Plaintiffs have suffered substantial money damages in an exact amount to be determined at trial.

### AS AND FOR A FIRST CAUSE OF ACTION
### GBL 349 – New York Deceptive Business Practices Act

14.     The plaintiffs repeat and reallege each and every allegation above and incorporates same herein.

15.     This Cause of Action is asserted that plaintiffs suffered damages as a result of the Defendants' deceptive business practices in violation of GBL §349.

16.     Over the course of the above transactions, Defendants committed and/or engaged including without limitation, brokering and advising a real estate purchase for a value that was falsely inflated; fraudulently inducing the purchase of real estate with inducements and concealments as to value, financial condition of the seller/tenant, and comparable sales of like

properties; inducing forbearance by Plaintiff on purchasing another property plaintiffs intended to purchase.

17.     All of the above misrepresentations, omissions, and/or conduct involved material facts between the parties and were unfair, illegal, false, deceptive and/or misleading.

18.     Additionally, such representations were likely to, and in fact did, harm or deceive the Plaintiffs who were acting reasonably.

19.     The conduct and actions described herein effect at the general public and have a broad impact on individual and business consumers of real estate broker services at large and are not isolated or unique to the parties.

20.     The aforementioned conduct constitutes deceptive business practices, in violation of General Business Law Art. 22-A, §349.

21.     As a result of the Defendants' above violations, the Plaintiffs have sustained damages for which they are entitled to recover from Defendants.

22.     The Plaintiffs are entitled to recover costs and attorney's fees from the Defendants pursuant to GBL §349(h) and GOL §5-327.

## AS AND FOR A SECOND CAUSE OF ACTION
### Fraudulent Inducement and Concealment

23.     Plaintiffs repeat and reallege each and every allegation above and incorporate same as if fully set forth herein.

24.     This Cause of Action is asserted against Defendants for actual, compensatory and punitive damages based upon common law fraud and/or fraud in the inducement and concealment.

25.     The conduct referred to above constitute numerous intentional misrepresentations, concealments and/or omissions of fact by Defendants.

26.     The misstatements, concealments and/or omissions as to the subject sale of property were material to the transactions.

27.     Defendants made the above described misrepresentations, concealments and/or omissions of material fact with full knowledge of their falsity and/or with reckless disregard of the truth.

28.     Defendants intended that the Plaintiffs rely upon the aforementioned misrepresentations, concealments and/or omissions to induce it to gain financially in the transaction.

29.     Plaintiffs reasonably relied on Defendants' intentional misrepresentations, concealments or omissions inducing them to consummate the purchase to their detriment.

30.     As a result of the Defendants' conduct, Plaintiffs were injured for which they are entitled to recover actual, compensatory and punitive damages from Defendants.

31.     The above mentioned acts were committed by Defendants willfully, wantonly and with reckless disregard of the rights of the Plaintiffs, for which Plaintiffs request punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Implied Covenant of Good Faith and Fair Dealing

32.     Plaintiffs repeat and reallege each and every allegation above and incorporate same as if fully set forth herein.

33.     Defendants were under an obligation to deal fairly with the Plaintiffs and in good faith at all times relevant herein both before and after their transactions with Plaintiffs.

Defendants instead conducted themselves so as to specifically damage or minimize Plaintiffs' investment.

34. As such, Defendants willfully or negligently breached their covenants to Plaintiffs in so acting.

35. Plaintiffs have suffered damages proximately related to Defendants' breach of its implied covenant of good faith and fair dealing.

36. Plaintiffs have suffered actual and compensatory damages from Defendants' breach.

### AS AND FOR A FOURTH CAUSE OF ACTION
### *Unjust Enrichment*

37. Plaintiffs repeat and reallege each and every allegation above and incorporate same herein.

38. Defendants were unjustly enriched to the extent to which they financially benefitted from Plaintiffs' transactions.

39. Equity and good conscience require Defendants repay Plaintiffs the amount of the benefit conferred on Defendants.

40. As a consequence of the Defendants' unjust enrichment, Plaintiffs have suffered monetary loss.

### AS AND FOR A FIFTH CAUSE OF ACTION
### *Accounting*

41. By virtue of the Agreement between the parties and law, and by their aforementioned wrongful acts, Plaintiffs demands a full, unfettered and timely accounting for all transactions and/or monies collected and expended by Defendants pursuant to the Agreement and transactions stated herein.

7

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for damages as follows:

(a)   Actual, compensatory and incidental damages of in excess of ONE MILLION DOLLARS ($1,000,000) with an exact amount to be determined at trial;

(b)   Consequential damages in an amount to be determined at the trial of this matter;

(c)   That Defendants provide, or cause to be provided, to Plaintiffs a full corporate financial accounting for all transactions had or moneys received and retained by the Defendants as well as all monies removed;

(d)   Punitive damages be awarded in an amount to be determined at the trial of this matter pursuant to the Fraud causes of action;

(e)   Interest, costs, disbursements;

(f)   Attorney's fees pursuant to contract and statutory causes of action;

(g)   Such other relief as the court may deem just.

Dated: New York, New York        KUPILLAS, UNGER & BENJAMIN, LLP.
      July 23, 2020

*Jeffrey Benjamin*

By: Jeffrey Benjamin Esq. (JB-1532)
*Attorneys for Plaintiffs*
5 Penn Plaza, 23rd Floor
New York, NY 10001
(212) 655-9536

8