USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
AARON COPPELSON, DARIUSH FAKHERI and :
NIGHTENGALE NY1, LLC, :
:
:
: 19-cv-8481 (LJL)
Plaintiffs, :
: MEMORANDUM AND
-v- : ORDER
:
RYAN SERHANT and NEST SEEKERS :
INTERNATIONAL LLC, :
:
Defendants. :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants Ryan Serhant ("Serhant") and Nest Seekers International, LLC ("Nest Seekers") move to dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) with prejudice. For the following reasons, Defendant's motion is granted.

## BACKGROUND

This case arises out of a purchase of real estate in Manhattan, New York for investment purposes. The facts are described in more detail in the Court's previous opinion dismissing the First Amended Complaint ("FAC"). Dkt. No. 62. In brief, Serhant is alleged to have served as Plaintiffs' real estate broker for the purchase of a property in lower Manhattan (the "Tribeca Property"). *Id*. at 1-2. Serhant misleadingly represented to Plaintiff Coppelson's financial advisor that the Tribeca Property was "a deal Plaintiff could not pass up," a "gold mine," and that it would worth well over five million dollars in a short period of time. *Id*. at 2. Plaintiffs allege that, as a result of these inducements, they forewent the opportunity to invest in a different

property in Manhattan Beach, California (the "California Property"). *Id*. They further allege that, after purchasing the Tribeca Property, they learned that Serhant represented both sides in the transaction and received referral fees that were never disclosed to Plaintiffs. *Id*. They were ultimately compelled to sell the property at a loss. *Id*.

Plaintiffs initiated this action on or about July 15, 2019 in New York State Supreme Court, New York County. On September 12, 2019, Serhant and Nest Seekers removed the action to this Court on grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and (b), and 28 U.S.C. § 1332(a)(1). On July 24, 2020, Plaintiffs filed the FAC, which brought claims for (1) deceptive business practices under New York's consumer fraud statute, N.Y. Gen. Bus. L. § 349 (the "NYGBL"); (2) fraudulent inducement and concealment; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; and (5) accounting. Defendants moved to dismiss the FAC, and the Court granted the motion to dismiss without prejudice on January 15, 2021. Dkt. No. 62.

Plaintiffs filed the TAC on February 26, 2021. Dkt. No. 67. The TAC brought claims for (1) fraudulent inducement and concealment; (2) promissory estoppel; (3) breach of the implied covenant of good faith and fair dealing,;and (4) unjust enrichment. Defendants moved to dismiss the TAC on April 12, 2021. Dkt. No. 72. Plaintiffs responded on May 10, 2021. Dkt. Nos. 80, 81. Defendant Nest Seekers replied on May 14, 2021, and Defendant Serhant replied on May 17, 2021. Dkt. Nos. 81, 84.

Plaintiffs raise the following new allegations in the TAC. Plaintiffs allege that Coppelson's financial advisor Elad Rahamim was assisting Coppelson in finding an investment property and introduced him to Serhant. Coppelson enlisted Serhant to find a suitable property. *Id*. ¶ 8. On March 23, 2015, Serhant provided Coppelson with a list of potential properties,

2

including the Tribeca Property. *Id*. ¶¶ 12-13. Serhant told Coppelson that the Tribeca Property was the "best one on the list." *Id*. Serhant "had expert knowledge and understood better than most the value and trajectory of NYC real property," and "was in the best position to have access to the relative market values," and was an "expert in Manhattan real estate." *Id*. ¶¶ 20, 24, 30. Coppelson was exploring the purchase of the California Property at the same time.

After Coppelson purchased the Tribeca Property, he learned from the seller that Serhant "was actually acting as [an] undisclosed 'dual agent'—i.e. an agent that 'represents' both sides in a real estate transaction." *Id*. ¶ 32. Coppelson learned that Defendants were paying undisclosed referral fees, and that Serhant told the seller that he had to lie that the Tribeca Property would be worth $5-$6 million within a year. *Id*. ¶ 34. Serhant also improperly disclosed to the seller that Coppelson was under the pressure of a 26 U.S.C. § 1031 exchange—a form of tax advantaged real estate transaction—and had to buy quickly. *Id*. He also misrepresented the financial status of the seller as "desperate." *Id*. Serhant's representations caused Coppelson to forego the California Property in favor of the Tribeca Property. *Id*. ¶ 27. Plaintiffs purchased the Tribeca Property for $4,375,000 and sold it in January 2020 for $3,675,000. *Id*. ¶¶ 30, 35.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

A claim for fraud or fraudulent inducement is subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b). *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402-03 (2d Cir. 2015). Under Rule 9(b), a plaintiff must "(1) detail the statements (or omissions); (2) identify the speaker; (3) state where and when the statements (or omissions) were made; and (4) explain why the statements (or omissions) are fraudulent." *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996)). Allegations that are "conclusory and unsupported by assertions of fact" are not sufficient to meet the Rule 9(b). *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

## DISCUSSION

### I. Fraudulent Inducement and Concealment

"The essential elements of a cause of action for fraud are 'representation of a material existing fact, facility, scienter, deception and injury.'" *N.Y. Univ. v. Cont'l Ins. Co.*, 662 N.E.2d 763, 769 (N.Y. 1995) (quoting *Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*, 176 N.Y.S.2d 259, 262 (1958)). "To state a claim for fraud or inducement under New York law, a party must allege material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages." *Transnat'l Mgmt. Sys. II,*

4

*LLC v. Carcione*, 2016 WL 7077040, at *5 (S.D.N.Y. Dec. 5, 2016). Statements that amount to "little more than mere puffery, opinions of value or future expectations . . . do not constitute actionable fraud." *Elghanian v. Harvey*, 671 N.Y.S.2d 266, 266 (1st Dep't 1998). Claims for fraudulent inducement are subject to the particularity pleading requirements of Federal Rule of Civil Procedure 9(b).

Plaintiffs have not remedied the issues identified by the Court in its Opinion and Order dismissing the FAC. As the Court observed there, New York law does not permit fraud actions based on representations about the value of real estate. *See Newby v. Bank of Ma. Corp.*, 2013 WL 940943, at *4 (E.D.N.Y. Mar. 8, 2013) ("The long-established rule in New York is that statements concerning the value of real property are generally not actionable under a theory of fraud or fraudulent inducement.") (quoting *Simms v. Biondo*, 816 F. Supp. 814, 819-20 (E.D.N.Y. 1993)). This is because "representations as to value are generally matters of opinion upon which no detrimental reliance can occur" and because "the doctrine of caveat emptor applies to real estate transactions such that a buyer has a duty to satisfy himself or herself of the quality of a bargained purchase price without trusting a seller." *Id.*

The Court already determined that Serhant's representations that the property was a gold mine, that it would appreciate in value, and that it was priced at a level below comparable properties on the market were not actionable. The same is true—and for the same reasons—of the few new allegations Plaintiffs have added in the TAC. These allegations are that Serhant said the Tribeca Property was the "best one on the list," that the seller was "underwater" and was compelled to sell "below market," and that the proposed value was approximately twenty percent less than the comparable market. Dkt. No. 67 ¶ 21. None of these alleged misrepresentations are actionable as fraud. The statements that the property was the "best one on the list" and was

listed at twenty percent below market are both representations about value and are accordingly matters of opinion subject to the doctrine of caveat emptor. It is a matter of opinion which other properties might be on "the list" and their relative values; so too it is a matter of judgment where the market might be for a particular property. Absent more, as the Court held in its prior opinion, these statements are squarely within the category of puffery, dealers' talk, or sales talk.

Nor does Serhant's alleged dual agency support a finding of fraud. As the Court held in its previous opinion, Section 443 of the New York Real Property Law limits claims against licensed brokers as dual agents to regulatory actions. Plaintiffs have presented no reason for the Court to revisit that holding here.

## II. Promissory Estoppel

"A cause of action for promissory estoppel under New York law requires the plaintiff to prove three elements: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance on that promise; and (3) injury to the relying party as a result of the reliance." *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

Plaintiffs raise a new claim for promissory estoppel in the TAC, alleging that "Defendants made clear and unambiguous promises to Plaintiffs as to Defendants' representation of Plaintiffs in the transaction, the seller's condition, and the nature and value of the property proposed for sale." TAC ¶ 49. Plaintiff relies on two alleged misrepresentations: first, that Serhant allegedly represented both sides of the transaction and second, that Serhant told the seller that he had to lie that the property would be worth $5-$6 million within a year.

Plaintiffs' allegations are insufficient to state a claim for promissory estoppel. First, Plaintiffs allege nowhere in the TAC that Serhant ever made a clear and unambiguous promise that he was not acting as a dual agent. All Plaintiffs allege is that they "accepted as fact virtually all of the Defendant SERHANT's representations as informed believing [sic] that his duty of

fidelity was exclusive to the Plaintiff." Dkt. No. 67 ¶ 23. Because Serhant is not alleged ever to have promised solely to represent Plaintiffs, no claim for promissory estoppel can arise from the allegations. Second, Serhant's alleged representation that the Tribeca Property would be worth over $5 million in a short period of time is not actionable. The promise that the Tribeca Property "would be worth well over $5M in a short period of time," *id.* ¶ 20, is an expression of opinion and is too vague to give rise to an action for promissory estoppel under New York law. *See, e.g.*, *Kilgore v. Ocwen Loan Serv., LLC*, 89 F. Supp. 3d 526, 534 (E.D.N.Y. 2015) ("A promise that is too vague or too indefinite is not actionable under a theory of promissory estoppel.") (quoting *Bd. of Trs. ex rel. Gen. Ret. Sys. Of Detroit v. BNY Mellon, N.A.*, 2012 WL 3930112, at *6 (S.D.N.Y. Sept. 10, 2012)).

### III. Implied Covenant of Good Faith and Fair Dealing

Plaintiffs have offered nothing new in the TAC to support their allegation of a violation of the duty of good faith and fair dealing, beyond the following assertion: "Upon information and belief, the above described dual agency was not in writing or otherwise disclosed to Plaintiff. As such, the purported agency was a product of an oral contract between Plaintiffs and their financial representatives, and the Defendants." Dkt. No. 67 ¶ 54. This conclusory allegation of an "oral contract," which is not substantiated anywhere else in the allegation of the TAC, is not sufficient to overcome the central flaw identified in the Court's previous Opinion and Order—namely that the implied covenant of good faith and fair dealing applies only to a valid contract, and Plaintiffs here have not alleged such a contract.

### IV. Unjust Enrichment

In order to plead a claim for unjust enrichment under New York law, a plaintiff must allege: "(1) the other party was enriched; (2) at that party's expense; and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."

7

*Georgia Malone & Co., Inc. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011)). Unjust enrichment is available as a cause of action "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). "Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Id*. The claim is "not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Id*. "A complaint must satisfy the particularity requirement of Rule 9(b) . . . where the alleged unjust enrichment is premised on fraudulent acts." *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2014) (quoting *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 471 (E.D.N.Y. 2013)).

In its previous Opinion and Order, the Court dismissed Plaintiffs' claims for unjust enrichment on the ground that Plaintiffs had not made any allegation that Serhant benefitted or was enriched in any respect. Dkt. No. 62 at 20. In response, Plaintiffs have added the detail that Serhant received a $175,000 commission for the transaction, which was paid out of the money that Plaintiffs paid for the Tribeca Property. TAC ¶ 60.

Plaintiffs' unjust enrichment claim merely duplicates their fraudulent misrepresentation and inducement claims, which this Court has dismissed. The claim for unjust enrichment is based on the allegation that Serhant misled Plaintiffs about the market value of the property, that he concealed the fact that he was working for a commission from the seller, and that he received a commission from the seller. These are precisely the same allegations which supported the fraud claim. Because the claim for unjust enrichment duplicates the claim for fraud, which the

8

Court has dismissed, the claim must be dismissed under New York law. *See, e.g.*, *In re Food Fusion and C-Max Fuel Economy Litig.*, 2015 WL 7018369, at *39 (S.D.N.Y. Nov. 12, 2015) ("Plaintiffs have failed to show how their unjust enrichment claim 'differs from [their] . . . tort claims[,]' which seek relief from the same conduct, and therefore, 'it must be dismissed' under New York law.") (quoting *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296-97 (S.D.N.Y. 2015)); *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013) (dismissing unjust enrichment claim where it duplicated claims for fraud and negligent misrepresentation); *State Farm Mut. Auto Ins. Co. v. Grafman*, 2013 WL 1911301, at *4 n.3 (E.D.N.Y. Jan. 3, 2013) (refusing to consider unjust enrichment claims because "the damages sought on the unjust enrichment claims are duplicative of those sought on the common law fraud claims").

## CONCLUSION

For the foregoing reasons, the motions to dismiss are GRANTED.  Dkt. Nos. 72, 75.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 28 ,2021
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge